# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 14-52V
(Filed:  January 26, 2015)

```
* * * * * * * * * * * * * *   *
JASMINE SABET,                 *     UNPUBLISHED
                               *     Special Master Hamilton-Fieldman
            Petitioner,        *
                               *
v.                             *
                               *     Decision on Proffer; Damages;
SECRETARY OF HEALTH            *     Tetanus-Diphtheria-Pertussis (Tdap)
AND HUMAN SERVICES,            *     Vaccine; Shoulder Injury Related
                               *     to Vaccine Administration (SIRVA).
            Respondent.        *
                               *
* * * * * * * * * * * * * *   *
```

Heather M. Bonnet-Hebert, Mandell, Schwartz, & Boisclair, Ltd., Providence, RI, for Petitioner.
Ann Martin, United States Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On January 23, 2014, Jasmine Sabet ("Petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2]  42 U.S.C. §§ 300aa-1 to -34 (2006). Petitioner alleges that she received a Tetanus-Diphtheria-Pertussis ("Tdap") vaccine on February 11, 2011, and suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA"). Petition ("Pet") at 1.

Respondent has conceded that Petitioner has satisfied all legal prerequisites for

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)).  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party:  (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act).  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

compensation under the Vaccine Act and recommends that compensation be awarded to Petitioner.  Respondent's Report, filed April 23, 2014, at 1.

Informed by Respondent's concession that an award of damages is appropriate, the undersigned finds that Petitioner is entitled to compensation under the Vaccine Act.

On January 23, 2015, Respondent filed a Proffer on Award of Compensation ("Proffer"). In a Status Report filed on January 23, 2015, Petitioner stated that she agrees with the proffered award.  Based on the record as a whole, the undersigned finds that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, the undersigned awards Petitioner:

A.    **A lump sum payment of $154,700.00 in the form of a check payable to Petitioner.**

B.    **A lump sum payment of $300.00 in the form of a check payable jointly to Petitioner and Beachside Physical Therapy, Inc.**

C.    **A lump sum payment of $5,262.07,** which amount represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action that Neighborhood Health Plan of Rhode Island ("MHPRI") and/or the State of Rhode Island may have against any individual as a result of any Medicaid payments that NHPRI and/or the State of Rhode Island has made to or on behalf of Petitioner from the date of her eligibility for benefits through the date of judgment in this case, as a result of her vaccine-related injury suffered on or about February 11, 2011, under Title XIX of the Social Security Act**, in the form of a check payable jointly to Petitioner and**

First Recovery Group LLC
26899 Northwestern Hwy.
Suite 250
Southfield, MI 48033
Attn: Patty Pannette

Petitioner agrees to endorse this payment to First Recovery Group LLC.

D.    **A lump sum payment of $437.19,** which amount represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action that WellCare and/or the State of Florida may have against any individual as a result of any Medicaid payments that WellCare and/or the State of Florida has made to or on behalf of Petitioner from the date of her eligibility for benefits through the date of judgment in this case as a result of her vaccine-related injury suffered on or about February 11, 2011, under Title XIX of the Social Security Act, **in the form of a check payable jointly to Petitioner and**

First Recovery Group LLC
26899 Northwestern Hwy.
Suite 250
Southfield, MI 48033
Attn: Tiffany Dangerfield

      Petitioner agrees to endorse this payment to First Recovery Group LLC. Proffer ¶ I.

      In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** herewith.[3]

      **IT IS SO ORDERED.**

                     s/Lisa D. Hamilton-Fieldman
                     Lisa D. Hamilton-Fieldman
                     Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

_____
                                              )
JASMINE SABET,                                )
                                              )
            Petitioner,                       )
                                              )        No. 14-52V
      v.                                      )        Special Master Hamilton-Fieldman
                                              )        ECF
SECRETARY OF HEALTH AND                       )
HUMAN SERVICES,                               )
                                              )
            Respondent.                       )
_____)

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On January 23, 2014, Jasmine Sabet ("petitioner") filed a petition for compensation under

the National Childhood Vaccine Injury Act of 1986, as amended ("the Vaccine Act" or "the

Act"), 42 U.S.C. §§ 300aa-10 to -34. Petitioner alleges that she received a tetanus-diphtheria-

acellular-pertussis ("Tdap") vaccine in her left arm on February 11, 2011, and thereafter suffered

a Shoulder Injury Related to Vaccine Administration ("SIRVA") that was caused by the vaccine.

See Petition at 1-8. Petitioner filed documentation in support of her claim on or about January

30 and February 24, 2014. See Petitioner's Exhibits ("Pet. Exs.") at 1-8.

The Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report on

April 23, 2014, conceding that the injury to petitioner's left arm was SIRVA, which was caused-

in-fact by the administration of her February 11, 2011, Tdap vaccine, and that this injury is not

due to factors unrelated to the administration of the Tdap vaccine. Respondent recommended

that petitioner be awarded compensation for SIRVA in her left arm. Respondent hereby submits

the following proffer regarding the award of compensation. For the purposes of this proffer, the

term "vaccine-related" is as described in Respondent's Rule 4(c) Report.

## I.   Items of Compensation and Form of the Award

Based upon the evidence of record, respondent proffers that petitioner should be awarded

the following compensation payments in the following forms:

A.   A lump sum payment of $154,700.00 in the form of a check payable to petitioner;

B.   A lump sum payment of $300.00 in the form of a check payable jointly to petitioner and Beachside Physical Therapy, Inc.;

C.   A lump sum payment of $5,262.07, which amount represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action that Neighborhood Health Plan of Rhode Island ("NHPRI") and/or the State of Rhode Island may have against any individual as a result of any Medicaid payments that NHPRI and/or the State of Rhode Island has made to or on behalf of petitioner from the date of her eligibility for benefits through the date of judgment in this case, as a result of her vaccine-related injury suffered on or about February 11, 2011, under Title XIX of the Social Security Act, in the form of a check payable jointly to petitioner and

> First Recovery Group LLC
> 26899 Northwestern Hwy.
> Suite 250
> Southfield, MI 48033
> Attn:  Patty Pannette

Petitioner agrees to endorse this payment to First Recovery Group LLC ; and

D.   A lump sum payment of $437.19, which amount represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action that WellCare and/or the State of Florida may have against any individual as a result of any Medicaid payments that WellCare and/or the State of Florida has made to or on behalf of petitioner from the date of her eligibility for  benefits through the date of judgment in this case as a result of her vaccine-related injury suffered on or about February 11, 2011, under Title XIX of the Social Security Act, in the form of a check payable jointly to petitioner and

> First Recovery Group LLC
> 26899 Northwestern Hwy.
> Suite 250
> Southfield, MI 48033
> Attn:  Tiffany Dangerfield

2

Petitioner agrees to endorse this payment to First Recovery Group LLC.

Respondent proffers that these four payments represent all elements of compensation to which

petitioner would be entitled under 42 U.S.C. § 300aa-15(a).[1]  Petitioner agrees.

II.     **Summary of Recommended Payments Following Judgment**

1.     Lump sum paid to petitioner:                          $ 154,700.00

2.     Lump sum paid jointly to petitioner and
       Beachside Physical Therapy, Inc.:                     $       300.00

3.     Lump sum paid jointly to petitioner and
       First Recovery Group LLC
       (Attn: Patty Pannette):                               $     5,262.07

4.     Lump sum paid jointly to petitioner and
       First Recovery Group LLC
       (Attn: Tiffany Dangerfield):                          $       437.19

Respectfully submitted,

JOYCE R. BRANDA
Acting Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

MICHAEL P. MILMOE
Senior Trial Counsel
Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

4

s/ ANN D. MARTIN
ANN D. MARTIN
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Tel.: (202) 307-1815

DATED:  January 23, 2015